**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHOPPER TRADING LLC, | Case No. 1:19-CV-1674 |
| Plaintiff, | Honorable Jeffrey I. Cummings |
| vs. | |
| ALLSTON TRADING LLC, | |
| Defendant. | |

**INITIAL JOINT STATUS REPORT FOR REASSIGNED CIVIL CASE**

Pursuant to the Court's October 30, 2023 order (ECF No. 128), Plaintiff Chopper Trading LLC ("Chopper") and Defendant Allston Trading LLC ("Allston") jointly submit this status report.

**I.** **Nature of the Case**

    A.    Attorneys of record for each party are listed below:

        1.    Plaintiff Chopper Trading LLC

            a)    George A. Zelcs (lead trial attorney)

            b)    Chad Emerson Bell

            c)    Randall P. Ewing, Jr.

        2.    Defendant Allston Trading LLC

            a)    Christian T. Kemnitz (lead trial attorney)

            b)    Peter Ginewicz Wilson

            c)    David Harrison McGill

            d)    Loren Michele Lee

    B.    The basis for jurisdiction is 28 U.S.C. § 1331, because plaintiff's claim arises under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5. *See* 15 U.S.C. § 78j(b); *see also* 17 C.F.R. § 240.10b-5. Chopper relies on supplemental jurisdiction for its claim under the Illinois Consumer Fraud Act.

    C.    In its First Amended Complaint (ECF No. 27), Chopper alleges that Allston committed securities fraud by allegedly manipulating the U.S. cash Treasury markets from

2012 through 2015 by entering "spoof" orders it did not intend to execute. Chopper alleges that Allston's conduct violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, and the Illinois Consumer Fraud Act. No counterclaims, third party claims, or affirmative defenses have yet been asserted, as Allston has moved to dismiss the First Amended Complaint and has thus not been required to answer.

D. Chopper seeks an unspecified amount of compensatory damages, punitive damages, and restitution, including pre- and post-judgment interest, costs, including attorneys' fees and expenses, and unspecified injunctive and other equitable relief.

E. There are no parties who have not yet been served.

## II. Discovery and Pending Motions

A. There is one pending motion:

1. Defendant Allston Trading LLC's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 108, filed August 31, 2022). This motion is fully briefed. (*See* ECF No. 109, ECF No. 120, ECF No. 124.)

B. To date, this case does not have a discovery schedule, as discovery was stayed in this case on November 25, 2019 "until further order of the Court." (ECF No. 59.)

C. The parties have not conducted any discovery, as discovery was stayed in this case on November 25, 2019, "until further order of the Court." (ECF No. 59.)

D. On August 20, 2021, the Court (at ECF No. 94) granted Allston's Motion to Compel Arbitration (ECF No. 32). Pursuant to that order, which held that the arbitrability of the dispute needed to be determined by the CME, Chopper filed an arbitration demand with the CME on November 15, 2021 based on claims arising from the securities transactions that Chopper raised before this Court in the instant litigation. Chopper simultaneously filed with the CME a challenge to the arbitrability of those claims. On December 1, 2021, Allston filed an opposition to Chopper's arbitration challenge. On June 14, 2022, the Chairman of the CME's Arbitration Panel granted Chopper's challenge to arbitration, holding that the claims raised by the November 15, 2021 demand are not arbitrable before the CME. Pursuant to the Court's August 20, 2021 Order (ECF No. 94), the case returned to this Court for further proceedings. At that time, Allston filed its pending Motion to Dismiss Plaintiff's First Amended Complaint (ECF Nos. 108 and 109, filed August 31, 2022), to which Chopper filed an opposition (ECF No. 120, filed October 17, 2022), and Allston replied in support (ECF No. 124, filed October 31, 2022). That motion is fully briefed and pending.

E. The parties do not anticipate any further motions prior to the Court's ruling on the pending Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 108, filed August 31, 2022).

**III.** **Trial**

  A. Chopper has demanded a jury trial.

  B. No trial date has been set. Because discovery has not yet commenced, the parties cannot provide a date by which they anticipate being ready for trial.

  C. No final pretrial order has been filed, and there is no deadline for filing such an order.

  D. Trial is estimated to take two weeks.

**IV.** **Settlement, Referrals, and Consent**

  A. The parties engaged in settlement discussions prior to the filing of the original complaint. Settlement discussions have not continued after the filing of the original complaint.

  B. The case has not been referred to the Magistrate Judge for discovery supervision or a settlement conference. The Honorable Sidney I. Schenkier was designated as Magistrate Judge (March 11, 2019 Text Order), but no longer serves as a Magistrate Judge with the Court. No substitute Magistrate Judge has been assigned.

  C. The parties do not request a settlement conference at this time before this Court.

  D. Counsel informed their respective clients about the possibility of proceeding before a Magistrate Judge for all purposes, including trial and entry of final judgment. The parties do not unanimously consent to that procedure.

Dated: November 6, 2023

KOREIN TILLERY, LLC

BY: /s/ Randall P. Ewing, Jr.

George A. Zelcs
Randall P. Ewing, Jr.
Chad E. Bell
205 North Michigan Plaza, Suite 1950
Chicago, IL 60601
Phone: (312) 641-9750
Fax: (312) 641-9751

*Attorneys for Plaintiff Chopper Trading LLC*

Respectfully submitted,

KATTEN MUCHIN ROSENMAN LLP

BY: /s/ Peter G. Wilson

Christian T. Kemnitz
Peter G. Wilson
525 W. Monroe Street
Chicago, Illinois 60661-3693
Phone: (312) 902-5200
Fax: (312) 902-1061

ORRICK, HERRINGTON & SUTCLIFFE LLP

David H. McGill
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Phone: (202) 339-8400
Fax: (202) 339-8500

*Attorneys for Defendant Allston Trading LLC*